**STATE of Missouri, Respondent,**

**v.**

**Bennie ALFORD, Appellant.**

**No. ED 104176**

Missouri Court of Appeals,
Eastern District,
**DIVISION FOUR**.

Filed: February 14, 2017

Motion for Rehearing and/or Transfer
to Supreme Court Denied April
10, 2017

Application for Transfer Denied
June 27, 2017

Randall Brachman, St. Louis, MO, for Appellant.

Josh Hawley, Christine Katherine Lesicko, Jefferson City, MO, for Respondent.

## OPINION

James M. Dowd, Presiding Judge

Bennie Alford appeals the judgment entered upon his conviction following a jury trial in the Circuit Court of the City of St. Louis of two counts of the class C felony of possession of a controlled substance, to wit heroin and clonazepam, on April 27, 2015. In his sole point on appeal, Alford contends that the trial court clearly erred in overruling his challenge under *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986) and its progeny to the State's peremptory strike of Venireperson 13, an African–American former St. Louis public school teacher.

Finding no reversible error, we affirm.

### Denial of Alford's *Batson* Challenge

■ We review for clear error the trial court's ruling on a *Batson* challenge. *State v. Murray*, 428 S.W.3d 705, 709 (Mo.App. E.D. 2014); *see also State v. McFadden*, 216 S.W.3d 673, 675 (Mo.banc 2007). The trial court's findings are clearly erroneous if we are left with the definite and firm conviction that a mistake has been made. *Murray*, 428 S.W.3d at 709 (citing *McFadden*, 216 S.W.3d 673, 675 (Mo.banc 2007)). We accord the trial court great deference on a *Batson* challenge because its findings of fact depend largely on its evaluation of credibility and demeanor. *Id.* (citing *State v. Bateman*, 318 S.W.3d 681, 687 (Mo.banc 2010)).

■ The Missouri Supreme Court has articulated a three-step procedure for trial

courts to use in evaluating a *Batson* challenge: First, the defendant must raise a *Batson* challenge with regard to the specific venireperson struck by the State and identify the cognizable racial group to which the venireperson belongs. The trial court will then require the State to come forward with a reasonably specific and clear race-neutral explanation for the strike. Assuming the prosecutor is able to articulate such an explanation for the strike, the burden shifts to the defendant to show that the State's proffered reason for the strike was merely pretextual and that the strike was racially motivated. *State v. Meeks*, 495 S.W.3d 168, 173 (Mo. banc 2016) (describing the three-step procedure) (citing *State v. Parker*, 836 S.W.2d 930, 939 (Mo.banc 1992)).

Like the trial court, we find insufficient evidence in the record to support Alford's *Batson* challenge here. While the State certainly could have done more to explain its peremptory strike of Venireperson 13, that does not excuse Alford from carrying *his* burden under Missouri and federal law to establish that the strike was racially motivated. We find that Alford has failed to carry that burden.

■■■ Turning to the record in this case relevant to Missouri's three-step *Batson* challenge procedure, we find that Alford satisfied, albeit barely, his burden in step one. We further find that the State then carried its burden in step two by stating on the record a clear and reasonably specific race-neutral reason for striking Venireperson 13: that she worked as a teacher in the St. Louis public schools for fourteen years, and that the State had already struck another St. Louis public school teacher.[1] This shifted the burden back to Alford for step three of the process to show on the record that the State's

reason was merely a pretext for racial discrimination. Alford failed to carry his burden because he made no record whatsoever that the State's strike was actually racially motivated. After the State proffered a race-neutral reason for striking Venireperson 13, the trial court asked Alford's counsel whether Alford could identify a similarly situated juror of a different race that had not been struck, counsel said he could not. The court denied the *Batson* challenge and asked Alford's counsel whether Alford wished to make any further record on this issue, and counsel stated that he did not.

Alford argues that he had no burden to prove that the State's explanation was pretextual because, in his view, its explanation was insufficient; he contends that the State failed to meet its burden of proof in the second step of Missouri's *Batson* procedure, so the burden never shifted back to him to show pretext. On this record, the State asserted solely that it struck Venireperson 13 because she had been a St. Louis public school teacher for 14 years, and that it had also struck another St. Louis public school teacher. Alford does not dispute—nor do we have any basis in the record to question—that this slight explanation was race-neutral, reasonably specific, and clear. Instead, Alford objects that the State's explanation here failed to relate to the case to be tried and was conceivably illegitimate, since its lack of connection to the case could theoretically have betrayed that it was merely a pretext for racial discrimination.

■■■ But the State is not required in the second step of Missouri's *Batson* procedure to provide an explanation that "relates to the case to be tried" and is "legitimate." Those are concerns left for the third step of the procedure, *State v. Ed-*

---

1. Nothing in the record indicates the race of this other venireperson struck for being a teacher.

*wards*, 116 S.W.3d 511, 527 (Mo.banc 2003) (explaining that the "statement that, in evaluating the legitimacy of the prosecutor's explanation, the court should consider whether (1) the explanation is race-neutral, (2) related to the case to be tried, (3) clear and reasonably specific, and (4) legitimate, is of continued application today in the analysis of pretext under step 3"), and thus the burden lay with Alford to show that the explanation had no connection to the case and was illegitimate cover for racial discrimination.

While he has persuasively argued that the State's explanation did not relate to the case to be tried—we agree that citing Venireperson 13's past employment as a St. Louis public school teacher, without more, shed little light on her qualifications to serve or the State's strategic motives in striking her from service on the jury in this case—Alford has not pointed to any evidence of racial discrimination. On the whole, Alford's appeal constitutes a plea to saddle the State instead with what under Missouri's *Batson* procedure is unquestionably his *own* burden of persuasion regarding whether the State struck a prospective juror because of his or her race. We reject this plea, and uphold Alford's conviction in the absence of any evidence that the State struck Venireperson 13 because of her race. The trial court did not clearly err in overruling Alford's *Batson* challenge.

Alford's sole point on appeal is denied.

## Conclusion

For the reasons stated above, we affirm the judgment of the trial court.

Kurt S. Odenwald, J., Gary M. Gaertner, Jr., J., concur.