**STATE of Missouri, Respondent,**

v.

**Rashaad CRAWFORD, Appellant.**

**No. ED 103751**

Missouri Court of Appeals,
Eastern District,
**DIVISION FOUR.**

Filed: June 6, 2017

FOR APPELLANT: Terence W. Niehoff, 818 Lafayette, St. Louis, Missouri 63104.

FOR RESPONDENTS: Joshua Hawley, Evan Joseph Buchheim, 221 West High Street, P.O. Box 899, Jefferson City, Missouri 65102.

## OPINION

James M. Dowd, Presiding Judge

Rashaad Crawford appeals from the judgment entered upon his conviction following a jury trial in the Circuit Court of the City of St. Louis of one count of second-degree murder, two counts of first-degree assault, one count of first-degree robbery, and four counts of armed criminal action, for which he received a sentence of life imprisonment plus twenty years. In his sole point on appeal, Crawford contends that the trial court clearly erred by overruling his challenge under *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986) to the State's peremptory strike of Venireperson 27, an African-American whose job included quality assurance duties.

Finding no reversible error, we affirm.

**Standard of Review and Legal Principles Applicable to a *Batson* Challenge**

We review for clear error the trial court's ruling on a *Batson* challenge. *State v. Murray*, 428 S.W.3d 705, 709 (Mo. App. E.D. 2014); *see also State v. McFadden*, 216 S.W.3d 673, 675 (Mo. banc 2007). The trial court's ruling is clearly erroneous if we are left with the definite and firm conviction that a mistake has been made. *Murray*, 428 S.W.3d at 709 (citing *McFadden*, 216 S.W.3d 673, 675 (Mo. banc 2007)). We accord the trial court great deference

on a *Batson* challenge because its findings of fact depend largely on its evaluation of credibility and demeanor. *Id.* (citing *State v. Bateman*, 318 S.W.3d 681, 687 (Mo. banc 2010)).

The Missouri Supreme Court has articulated a three-step procedure for trial courts to use in evaluating a *Batson* challenge by a criminal defendant: First, the defendant must raise a *Batson* challenge with regard to a specific venireperson struck by the State and identify the cognizable racial group to which the venireperson belongs. In step two, the trial court shall require the State to come forward with a clear, reasonably-specific, and race-neutral explanation for the strike. And in step three, assuming the prosecutor is able to articulate an explanation for the strike that satisfies step two, the burden shifts to the defendant to show that the State's stated reason for the strike was a mere pretext and that the strike was racially motivated. *State v. Meeks*, 495 S.W.3d 168, 173 (Mo. banc 2016) (describing the three-step procedure) (citing *State v. Parker*, 836 S.W.2d 930, 939 (Mo. banc 1992)).

The Missouri Supreme Court, particularly with respect to steps two and three, has laid out certain benchmarks and parameters to follow in a *Batson* challenge analysis. For instance, the Court has pointed out that the second step of Missouri's *Batson* procedure "does not demand an explanation that is persuasive, or even plausible," but requires only "facial validity." *State v. Pointer*, 215 S.W.3d 303, 306 (Mo. App. W.D. 2007). The Court has referred to the second step as requiring merely "the identification of a reason, even a nonsensical one, for striking a juror." *Edwards*, 116 S.W.3d at 526.

Further, with regard to step three, the Court has directed that in determining whether the defendant has met his burden of proof to show pretext, the trial court

should take into account various factors, including, but not limited to, (1) chiefly, the plausibility of the prosecutor's explanations in light of the totality of the facts and circumstances surrounding the case; (2) the existence of similarly-situated jurors of another race who were not struck by the prosecution; (3) the degree of logical relevance between the proffered explanation and the case to be tried in terms of the kind of crime charged, the nature of the evidence to be adduced, and the potential punishment if the defendant is convicted; (4) the prosecutor's demeanor or the prosecutor's statements during voir dire, as well as the demeanor of the excluded venireperson; (5) the court's past experiences with the prosecutor; and (6) objective factors bearing on the State's motive to discriminate on the basis of race, such as the conditions prevailing in the community and the race of the defendant, the victim, and the material witnesses. *Parker*, 836 S.W.2d at 939, 940.

## Discussion

We find that Crawford has failed to show that the trial court clearly erred by overruling his *Batson* challenge. Specifically, with respect to step two, we find that Crawford has not demonstrated that the State's reason for striking Venireperson 27 was not clear, reasonably specific, and race-neutral. We also find with respect to step three that Crawford has failed to show that the State's reason was a pretext for racial discrimination.

■ We begin our analysis with step two of the *Batson* challenge in this case. The State claimed that it struck Venireperson 27 because she worked in "quality assurance," which the State was concerned would affect her view of the case. The State asserted that it had troubling experiences with jurors who pursuant to their employment made determinations based

on "taking complaints" and "compiling information of people calling in." While Crawford asserts that the State's explanation was factually inaccurate, vague, illegitimate, unrelated to the issues of the case, and merely a pretext for racial animus, vagueness is the only issue we must address in our analysis of step two, because in that step the State is required only to state a reason for its strike that is clear, reasonably specific, and race-neutral.

■ We noted in *State v. Alford*, 2017 WL 588183, *2 (Mo. App. E.D. 2017), that the State is not required in the second step of Missouri's *Batson* procedure to provide an explanation that "relates to the case to be tried" or that is "legitimate." Those are concerns left for the third step of the procedure. *State v. Edwards*, 116 S.W.3d 511, 527 (Mo. banc 2003). Moreover, because the second step is concerned only with facial validity, the factual accuracy of the State's explanation for the strike is not at issue. A factually-inaccurate explanation for a strike may still be clear, reasonably-specific, and race-neutral, and is not always inherently discriminatory. Because the fundamental, overarching question on a *Batson* challenge is whether the strike constituted *purposeful* discrimination, 476 U.S. at 93, 106 S.Ct. 1712; *Parker*, 836 S.W.2d at 935, 939, the State's explanation for its strike is not necessarily discriminatory or facially invalid just because it rests on a misstatement or is rooted in a misperception of fact. The State may have made an honest mistake without any discriminatory purpose.

Therefore, with respect to step two, we need to address only one of Crawford's objections: that the State's explanation for striking Venireperson 27 was vague. The State had a low bar to clear—facial validity—in carrying its burden to provide a clear, reasonably-specific, and race-neutral reason for its strike. Crawford contends the State's explanation was vague and the trial court erred by failing to ask the State about its experiences with jurors similar to Venireperson 27—in particular, how those experiences were logically relevant to the decision to strike Venireperson 27.

We disagree. We find the State's explanation that Venireperson 27's employment duties included quality assurance and that the State had troubling experience with jurors whose jobs involved "taking complaints and compiling information of people calling in," was sufficient to satisfy the State's burden in step two. Indeed, it may not even be possible for the State to deduce why employees with such experience have been unfavorable jurors; the party defending its strike, whether the State or the defendant (*see Georgia v. McCollum*, 505 U.S. 42, 112 S.Ct. 2348, 120 L.Ed.2d 33 (1992) (holding that the State may challenge a criminal defendant's peremptory strikes)), may observe a correlation but not be able to explain the cause. Therefore, it was enough for the State to assert that it was concerned Venireperson 27's employment experience would affect her view of the case because such a result had occurred in cases involving jurors with similar experience. That was a clear and reasonably-specific race-neutral reason—a facially-valid explanation—for striking Venireperson 27. The lack of any further explanation, and any lack of support in the record for the State's stated reason, was for the court's consideration in the *third* step of the *Batson* procedure.

■ Turning to step three, in which the burden of production on the *Batson* challenge shifted back to Crawford, the court was required to evaluate on the whole record whether the State's explanation for striking Venireperson 27 was legitimate and non-pretextual, and to consider the step-three factors outlined above and any others that might be relevant, with the

basic purpose of rooting out any racially-discriminatory purpose underlying the strike.

The court found that Crawford failed to carry his burden of demonstrating that the State's explanation was a mere pretext for racial discrimination. Crawford presented at trial only one argument in support of a finding of pretext: that the State had not struck two similarly-situated jurors who— we presume, in the absence of any indication in the record—were not African-American. He cited two venirepersons who, like Venireperson 27, worked in the "the world of business": Venireperson 29, who was a project manager and managed automotive manufacturers, and Venireperson 38, an accounting manager. Crawford said nothing more about these two venirepersons.

We find that Crawford has failed to show that the trial court clearly erred by finding that he did not carry his burden of demonstrating pretext. The court could reasonably have found that the two venirepersons cited by Crawford simply were not sufficiently similarly-situated to Venireperson 27 to demonstrate that the State's strike was racially motivated. The State asserted that it had troubling experience with jurors who at least arguably shared with Venireperson 27 somewhat-related work duties dealing with quality assurance. Crawford merely pointed to two venirepersons who happened to also be in the "world of business."

We find that the trial court could within its discretion have concluded that although the State's reason for striking Venireperson 27 may not have been overwhelmingly compelling, Crawford did not demonstrate that the reason was cover for racial discrimination. Consequently, we hold that the trial court did not clearly err in overruling Crawford's *Batson* challenge. Crawford's sole point on appeal is denied.

## Conclusion

For the reasons stated above, we affirm the judgment of the trial court.

Kurt S. Odenwald, J., Gary M. Gaertner, Jr., J., concur.